[Cite as *In re J.B.*, 2011-Ohio-2561.]

IN THE COURT OF APPEALS OF CLARK COUNTY, OHIO

:

:    C.A. CASE NO. 10-CA-101

IN RE:

:    T.C. CASE NOS. 2008-1655
                       2010-362
  J.B., JR. AND
  I.B.               :

                   (Civil Appeal from
:    Common Pleas Court,
                   Juvenile Division)

. . . . . . . . .

O P I N I O N

Rendered on the 27th day of May, 2011.

. . . . . . . . .

Andrew R. Picek, Atty. Reg. No. 0082121, Assistant Prosecuting Attorney, 50 E. Columbia Street, 4th Floor, P.O. Box 1608, Springfield, OH 45501
    Attorney for Plaintiff-Appellee State of Ohio

Scott A. Ashelman, Atty. Reg. No. 0074325, 733 Liberty Tower, 120 W. Second Street, Dayton, OH 45402
    Attorney for Defendant-Appellant R.B.

James Griffin, 8 N. Limestone Street, Suite D, Springfield, OH 45502
    Attorney for Guardian ad Litem-Appellee

. . . . . . . . .

GRADY, P.J.:

{¶ 1} This appeal is brought by R.B., the mother of J.B., Jr. and I.B., from a judgment of the juvenile court that granted permanent custody of her two children to the Family and Children

Services of Clark County ("FCSCC").

{¶ 2} R.B. has eleven children, but does not have custody of any of them. She previously lost permanent custody of three children by order of the juvenile court of Clark County. R.B.'s tenth child, J.B., Jr., was born on September 25, 2008. FCSCC filed a complaint for protective supervision on October 2, 2008, asking that J.B., Jr. be adjudicated as a dependent child pursuant to R.C. 2151.04(C). The juvenile court appointed a Guardian ad Litem for J.B., Jr. On October 20, 2008, the juvenile court found that J.B., Jr. was a dependent child and entered a protective supervision order. J.B., Jr. remained in the custody of his parents, who were ordered to undergo drug and alcohol assessments, maintain stable housing and employment, cooperate with parenting/psychological evaluations, and follow recommendations in a case plan. Upon motion of FCSCC, the juvenile court extended the protective supervision order on April 13, 2009, July 1, 2009, and October 13, 2009.

{¶ 3} In early February of 2010, FCSCC filed a complaint for temporary shelter care custody, alleging that J.B., Jr. was a dependent child pursuant to R.C. 2151.04(A) and a neglected child pursuant to R.C. 2151.03(A)(2) and (3). On February 19, 2010, the juvenile court ordered that J.B., Jr. be placed in the temporary shelter care of FCSCC.

{¶ 4} R.B.'s eleventh child, I.B., was born on March 11, 2010. FCSCC filed a motion for temporary shelter care custody of I.B. on March 12, 2010, alleging that I.B. was a dependent child pursuant to R.C. 2151.04(A) and a neglected child pursuant to R.C. 2151.03(A)(2) and (3). The juvenile court granted FCSCC's motion and appointed a Guardian ad Litem for I.B.

{¶ 5} The juvenile court subsequently granted temporary custody of J.B., Jr. and I.B. to FCSCC. In August of 2010, FCSCC filed motions for permanent custody of J.B., Jr. and I.B. On September 20, 2010, following a two-day permanent custody trial, the juvenile court awarded permanent custody of J.B., Jr. and I.B. to FCSCC. The mother, R.B., filed a notice of appeal. The father of the two children did not file a notice of appeal.

ASSIGNMENT OF ERROR

{¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT MOTHER IN VIOLATION OF O.R.C. §2151.414, AND THE U.S. AND OHIO CONSTITUTIONS WHEN IT TERMINATED APPELLANT'S PARENTAL RIGHTS BY GRANTING PERMANENT CUSTODY OF HER MINOR CHILDREN, J.B., AND I.B., TO FAMILY AND CHILDREN'S SERVICES OF CLARK COUNTY."

{¶ 7} A reviewing court must affirm a trial court's decision regarding permanent custody unless it is unsupported by clear and convincing evidence. R.C. 2151.414(B)(1). Clear and convincing evidence is the amount of proof that will produce in the mind of

the trier of fact a firm belief or conviction as to the allegations to be proved. It is an intermediate standard of proof, being more than a preponderance of the evidence and less than evidence beyond a reasonable doubt. *State v. Ingram* (1992), 82 Ohio App.3d 341; *Cross v. Ledford* (1954), 161 Ohio St. 469, 477.

{¶ 8} R.B. argues that the juvenile court's award of permanent custody of the minor children to FCSCC was against the manifest weight of the evidence. A weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive. *State v. Hufnagle* (Sept. 6, 1996), Montgomery App. No. 15563. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Const. Co.* (1978), 54 Ohio St.2d 279, at syllabus.

{¶ 9} R.C. 2151.414(B)(1) provides that the court may grant the motion of an agency seeking permanent custody of a child if it finds, by clear and convincing evidence, that it is in the best interest of the child to award permanent custody of the child to the agency, and the court makes one of the four alternative findings set out in R.C. 2151.414(B)(1). One of those alternative findings is that the child "cannot be placed with either of the child's

parents within a reasonable time or should not be placed with the child's parents." R.C. 2151.414(B)(1)(a). Another is that the child "has been in the temporary custody of one or more public children's services agencies for twelve or more months out of a consecutive twenty-two month period." R.C. 2151.414(B)(1)(d).

{¶ 10} At the time of the permanent custody hearing, neither J.B., Jr. nor I.B. had been in the temporary custody of FCSCC for twelve or more months out of a consecutive twenty-two month period. Therefore, in order to grant FCSCC's motion for permanent custody, the juvenile court was required to find that the child "cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents." R.C. 2151.414(B)(1)(a).

{¶ 11} R.C. 2151.414(E) provides, in part:

{¶ 12} "In determining at a hearing held pursuant to division (A) of this section * * * whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section * * * that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or

should not be placed with either parent:

{¶ 13} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.

{¶ 14} * *

{¶ 15} "(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child."

{¶ 16} The juvenile court found that J.B., Jr. and I.B. cannot be placed with either parent within a reasonable period of time or should not be placed with either parent.  The juvenile court

explained:

{¶ 17} "The children should not be returned to the parents for the following reasons:

{¶ 18} "A.   Following removal of the children outside the home of the parents, and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents, they have failed to remedy the problems that caused the children to be placed outside the home.

{¶ 19} "B.   The parents have demonstrated a lack of commitment and dedication toward the children by failing to regularly support the child.   Furthermore, the parents frequently failed to visit with the children with the opportunity to do so.   The parents have failed to attend many medical appointments of the children.   Their lack of concern demonstrates their lack of commitment to the needs of the children."   (Dkt. 182, p. 5-6.)

{¶ 20} The clear and convincing evidence of record established that R.B. has failed repeatedly to meet the needs of J.B., Jr. and I.B. and to comply with the requirements of her case plan and orders of the juvenile court.   For example, R.B. failed to complete the Family Dependency Treatment Court program, failed to complete the mental health and drug and alcohol programming offered to her, failed to get J.B., Jr. to Head Start, failed to complete the program Parents as Partners, failed to regularly visit with her children,

and failed to find employment and meet child support obligations. In short, R.B. failed to demonstrate any reasonable probability that she will change her habits and practices in a way that will provide a suitable home for her children.

{¶ 21} R.B. argues that the juvenile court's finding is against the manifest weight of the evidence because she testified that she wants to improve for the benefit of her children and that she would be able to complete all the goals of her case plan if she were given an additional six  months to work toward them.  Brief, p. 11.  Further, R.B. claims that she is "likely disabled" and that "[i]t is entirely possible" that she "simply cannot obtain a job through no fault of her own."  Brief, p. 10.

{¶ 22} The juvenile court did not find R.B.'s testimony credible.  The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to resolve.  *State v. DeHass* (1967), 10 Ohio St.2d 230.  In *State v. Lawson* (Aug. 22, 1997), Montgomery App. No. 16288, we observed:

{¶ 23} "Because the factfinder . . . has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility.  The decision whether, and to what

extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness."

{¶ 24} The juvenile court's finding that J.B., Jr. and I.B. cannot be placed with either parent within a reasonable period of time or should not be placed with either parent is supported by the competent, credible evidence of record and is therefore not against the manifest weight of the evidence.

{¶ 25} The juvenile court found that it was in the best interest of J.B., Jr. and I.B. to grant permanent custody of the children to FCSCC. In determining the best interests of the child, R.C. 2151.414(D)(1) requires the court to consider, among other relevant factors, the following:

{¶ 26} "(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

{¶ 27} "(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

{¶ 28} "(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies

for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state;

{¶ 29} "(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

{¶ 30} "(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."

{¶ 31} The juvenile court identified the following reasons for finding that it was in the best interest of J.B., Jr. and I.B. to grant permanent custody of the children to FCSCC:

{¶ 32} "A. There is a reasonable probability that the children can be adopted.  The children have lived in legal limbo for many months.  The children would benefit greatly from a permanent, secure home.

{¶ 33} "b.  The children have had not regular and meaningful contact with their biological family.

{¶ 34} "c.  There is no probability that the parents will be

able to provide a safe, secure and appropriate home for the children any time soon.

{¶ 35} "d.   The Guardian ad Litem for the children recommended that the motion for permanent custody be granted.

{¶ 36} "e.   Neither parent has substantially remedied the conditions that caused removal of the children.

{¶ 37} "f.   There are no known or interested relatives on either side of the family that can care for their children.

{¶ 38} "g.   The wishes of the children as expressed directly by the Guardian ad Litem indicate a strong desire to be placed in a loving, secure, permanent home that neither parent can provide.

{¶ 39} "h.   There is no safe, appropriate, harmonious and loving relationship between the children and the children's parents or extended family.   The children will benefit from continued removal from the birth families.   There is no indication of a significant risk or harm to the children by not returning the children to the parent.   In fact, the evidence is clear that the children will benefit significantly if the children is [sic] not returned to either parent."   (Dkt. 182, p. 6-7.)

{¶ 40} The clear and convincing evidence of record established that it would be in the best interest of J.B., Jr. and I.B. to be placed in the permanent custody of FCSCC.   The juvenile court's finding is supported by the recommendation of the Guardian ad Litem

12

and the credible testimony of record. Consequently, we cannot find that the juvenile court's finding is against the manifest weight of the evidence.

{¶ 41} The assignment of error is overruled. The judgment of the trial court will be affirmed.

FROELICH, J. and HALL, J. concur.

Copies mailed to:

Andrew R. Picek, Esq.
Scott A. Ashelman, Esq.
James Griffin, Esq.
Hon. Joseph N. Monnin